UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CRAIG CUNNINGHAM, § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| FAMILY LIFE INSURANCE § | Civil Case No.: 4:16-cv-03042 |
| COMPANY AND JOHN/JANE DOES § | |
| 1-5 § | |
| Defendant. § | |
| § | |

### Plaintiff's First Amended Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and is resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Family Life Insurance Company may be served at 10777 Northwest Freeway Houston, TX 77092.

### Jurisdiction

3. Jurisdiction of this court arises as the acts happened in this district.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

5. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and is headquartered in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District, because the wrongful conduct was emanated from this District, and because Defendant is headquartered in this District.

## PRELIMINARY STATEMENT

7. This case challenges Defendant's practice of making unsolicited phone calls using a prerecorded message to an individual's cellular phone.

8. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from making or having an agent make unsolicited prerecorded messages without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $1500 per call for violations of 47 USC 227(b) and $1500 per call for violations of 47 USC 227(c)(5) as codified under the regulations in 47 CFR 64.1200(d).

9. Unsolicited prerecorded messages and calls initiated with an automated telephone dialing system damage their recipients . They waste cellular phone time which is paid for by the plaintiff. An unsolicited prerecorded message wastes the recipient's valuable time that would have been spent on something else. A pre-recorded message interrupts the recipient's privacy. Unsolicited pre-recorded messages prevent plaintiffs from receiving other incoming calls and require additional labor to attempt to discern the source and purpose of the unsolicited message.

10. Plaintiff needs to allege the following facts to show that the defendant violated the TCPA: (1) that the defendant or its agent made a call to plaintiff's cell or wireless phone, (2) by the use of an artificial or prerecorded voice, and (3) without prior express written consent of the called party. 47 USC § 227(b)(1)(A).

11. The Defendants are vicariously liable for the actions of 3rd parties they hire to do telemarketing on their behalf per multiple FCC rulings.

12. Additionally, the Fifth Circuit adopted a broader theory of vicarious liability familiar from the common law – that a master is subject to liability for his servant's torts if (a) the servant acts in the scope of his or her employment *or* (b) (if the act occurs outside of the scope of employment) the servant purports to act or speak on behalf of the master and there is reliance upon apparent authority *or* (c) the servant is aided in accomplishing the tort by the existence of the agency relationship. Restatement (Second) of Agency § 219 (1958); *accord Am. Soc'y of Mech. Eng'rs, Inc. v. Hydrolevel Corp* ("*ASME*"), 456 U.S. 556, 565-566 & n.5 (1982). The plaintiff does this in paragraph ___.

13. The FCC ruled that under the concepts of actual authority, apparent authority, and ratification a TCPA seller may be held liable for the actions of a 3rd party contractor or agent acting on their behalf.

14. What is not required under the TCPA is that a Plaintiff allege he made a request to not receive telephone call. The FCC Stated *"We reiterate that the TCPA places no affirmative obligation on a called party to opt out of calls to which he or she never consented"* in FCC Opinion 15-72, otherwise known as the Dish Network petition.

15. On January 4, 2008 the FCC released a Declaratory Ruling where it confirmed that autodialed calls or calls with pre-recorded messages to a wireless number are permitted only if the calls are made with the prior express consent of the called party, see FCC Declaratory ruling 02-278.

### FACTUAL ALLEGATIONS

16. In 2016, the Plaintiff received multiple unwanted and unwelcome calls calls from the Defendant's agent on cellular telephone number 615-348-1977. The Plaintiff is in the process to obtain his call records from his cell phone provider and does not have a complete total of all the calls in question. Additionally, the Defendants used multiple caller ID numbers and spoofed the outgoing caller ID on the repeated calls in an attempt to make tracking the calls difficult. As such, discovery is required to get to the total number of calls and all parties involved.

17. The Plaintiff received calls on the following dates and times:

| Called number | Date | Outgoing CID | Time | Duration Approx |
|---|---|---|---|---|
| 615-348-1977 | 5/19/16 | 888-571-8595 | / 15:15 | 1 min |
| | 5/19/16 | 888-571-8595 | / 16:06 | 52 min |
| | 5/20/16 | 888-571-8595 | / 10:00 | 1 min |
| | 7/29/16 | 888-571-8595 | / 09:42 | 15 min |
| | 5/19/16 | 251-263-0486 | / 14:00 | 22 min |
| | 5/19/16 | 251-263-0486 | / 14:22 | 10 sec |
| | 5/19/16 | 251-263-0486 | / 14:44 | 33 min |
| | 6/13/16 | 520-468-0191 | / 14:35 | 1 min |
| | 10/20/16 | 408-385-2733 | / 14:48 | 34 min |
| | 7/29/16 | 406-797-5214 | / 08:24 | 2 min |
| | 7/29/16 | 406-797-5214 | / 08:26 | 1 hr |
| | 7/29/16 | 406-797-5214 | / 08:23 | 16 sec |
| | 7/21/16 | 347-392-3134 | / 10:56 | 12 min |

18. In these calls there was a delay of at lest 4-5 seconds before the line connected indicating that the calls were initiated by an automated telephone dialing system

as defined by the TCPA.

19. The agents that the Plaintiff spoke with never identified the company they were calling on behalf of or the insurance agency they were working for. They would describe themselves as calling from "National Health" or the "Enrollment Center" or other vague and generic names that are not DBA's or legal names for the defendant. The agents asked health questions of the Plaintiff, went through several call recordings and disclaimers for the purpose of selling health and life insurance. Eventually, the Plaintiff was told that as part of signing up for insurance, the Plaintiff had to join the National Congress of Employers or NCE and the Plaintiff would be able to get a short term medical policy, life insurance, and other insurance or insurance like products..

20. Several days after the calls, the Plaintiff received in the mail an insurance policy bearing documents from NCE and an insurance policy from Family Life Insurance Company. The Plaintiff then concluded that the policy and documents from NCE must have been related to the illegal telephone call placed to the Plaintiff prior to receiving the documents and insurance policy in the mail and that Family Life Insurance Company was really the party whose goods and services were being sold during the illegal telephone calls and are thus a "Seller" under the statute.

21. Defendant's agent was authorized to make such phone calls, who was selling life insurance products through a contractual agreement with the defendants. Furthermore, the defendant accepted the business and fruits of the illegal calls and thus ratified the conduct of the agents acting on their behalf. The calls were made

to the Plaintiff's cell phone which connected the Plaintiff to an agent of the Defendant. Namely Agent Number 01ZJ090. The agent then sold Defendant's Policy number 0129-FLW0015203 to the Plaintiff on Defendant's behalf.  By selling the life insurance policy of Defendant to Plaintiff the servant (i.e. Defendant's agent) purports to act or speak on behalf of the Defendant. Defendant then directly invoiced plaintiff in the amount of $204.75, with Billing Control Number 0129FLW0015203. By invoicing Plaintiff, the defendant's agent was authorized to act on Defendant's behalf. The Defendant is therefore vicariously liable for the actions of its agent.  *In re Joint Petition filed by DISH Network, LLC*, 28 FCC Rcd 6574, ¶ 1 (2013) ("*Dish Network Order*"). A true and correct copy of that invoice is attached to this complaint.  Upon information and belief, Defendant attempted numerous phone calls to Plaintiff's wireless device, which were unwanted, and although the calls may not have connected all that is required is that Defendant attempt to call Plaintiff. *Ybarra v. Dish Network, L.L.C., No. 14-11316, 2015 WL 6159755 (5th Cir. Oct. 20, 2015)*.

22. Several calls started with a pre-recorded message after several seconds of dead air time instructing the Plaintiff to press 1  if he was interested in getting health insurance.  Craig Cunningham did not give prior express written consent for the Defendant to Call him using an automated telephone dialing system or pre-recorded message, and the calls were not related to any emergency purpose.

23. The calls were generic in nature and were cold calls to the Plaintiff.

24. When the calls connected to an agent of Defendant the Plaintiff was mailed and issued a policy of insurance by Family Life Insurance Company.  In every call,

the Plaintiff noticed a delay between answering the phone and the call connecting with a live person, which is also characteristic of an automated telephone dialing system and also violates the TCPA.

25. The Defendant also used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227(b) and 47 USC 227(c)(5) as codified under 47 CFR 64.1200(b).

26. A person violates the TCPA when using an ATDS to <u>attempt</u> a phone call; the phone calls need not even connect. *Ybarra v. Dish Network, L.L.C., No. 14-11316, 2015 WL 6159755 (5th Cir. Oct. 20, 2015).* Due to "spoofing" and other techniques used by companies using ATDS, Plaintiff has no way to know the extent and exact number of unsolicited calls or attempted calls made to him by Defendant without conducting discovery.

27. Due to the uniqueness of the ATDS phone systems, which allow for thousands of phone calls to be made within a single minute, along with the fact that the law imposes a minimum of $500.00 per call per attempt (even if the calls do not cause the cellular phone to ring) and $1500 per call if deemed willful by the court for violations of section 47 USC 227(b) and an additional $1500 for violationsof 47 USC 227(c)(5) as codified under regulations 47 CFR 64.1200 et seq.

28. Plaintiff simply doesn't know and cannot determine exactly in total how many phone calls were made by Defendant without discovery and knowledge of the 3rd party telemarketers that were used to place calls on behalf of the defendants.

29. The calls violated 47 USC 227(b) as the calls were automated and placed to the Plaintiff's cell phone without the Plaintiff's consent and without an emergency

purpose.

30. The calls violated 47 CFR 64.1200(b) as the artificial or pre-recorded message failed to state at the beginning of the message the identity of the business, individual, or entity that is responsible for initiating the call. In fact, no name was given for the entity placing the call and even the agents only stated who they were calling from after the Plaintiff asked repeatedly.

31. These calls were knowingly and willfully placed and the Defendants had or should have known they did not have express consent to call the plaintiff with an automated telephone dialing system or pre-recorded message.

## Actual Damages

32. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

    • Reduced Device storage space;

    • Data usage;

    • Plan usage;

    • Lost time tending to and responding to the unsolicited texts;

    • Invasion of Privacy and loss of concentration

## CAUSE OF ACTION I:

## Violations of the Telephone Consumer Protection Act (TCPA)

33. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

34. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's

Cell phone in violation of 47 USC 227(b), which entitles the Plaintiff to an additional $1500 per call.

## 35. CAUSE OF ACTION II:

### Violations of the Telephone Consumer Protection Act (TCPA)

36. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

37. The foregoing actions by the Defendants constitute multiple willful breaches of the TCPA by placing automated telemarketing calls without maintaining a written internal do-not-call list, failure to train their personnel on the use of an internal do-not-call list in violation of 47 CFR 64.1200(d) sending pre-recorded messages that do not state the name, address, and phone number of the entity on whose behalf the calls are placed in violation of 47 CFR 64.1200(b), violations of this subsection are also violations of 47 USC 227(c)(5) which grants the FCC rulemaking authority entitling the Plaintiff to an additional $1500 per call

### PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $3000 for each phone call

C. Pre-judgment interest from the date of the phone calls.

D. Costs of bringing this action; and

E. For such other and further relief as the Court may deem just and proper

**Dated:** December 27, 2016

            */s/ Aaron K. Mulvey*

            Aaron K. Mulvey
            **The Law Offices of Aaron K. Mulvey, PLLC**
            518 N. Manus Dr.
            Dallas, TX 75224
            Tel: 214-946-2222
            Aaron@MulveyLaw.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **CRAIG CUNNINGHAM,** § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | |
| **FAMILY LIFE INSURANCE** § | Civil Case No.: 4:16-cv-03042 |
| **COMPANY AND JOHN/JANE DOES** § | |
| **1-5** § | |
| **Defendant.** § | |
| § | |

### Plaintiff's Certificate of Service

I hereby certify that on 12/28/2016 a true copy of the foregoing was mailed to the attorney of record for the defendants in this case via USPS first class mail and ECF.

**Dated:** December 23, 2016

/s/ Aaron K. Mulvey

Aaron K. Mulvey
**The Law Offices of Aaron K. Mulvey, PLLC**
518 N. Manus Dr.
Dallas, TX 75224
Tel: 214-946-2222